503 F.2d 966
 Ralph H. SMITH, Plaintiff-Appellant,
v.
CHEVRON OIL CORPORATION, Defendant-Appellee.
No. 74-1510 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Nov. 11, 1974, Rehearing Denied Dec. 17, 1974.
 
 Darryl J. Tschirn, Gothard J. Reck, New Orleans, La., for plaintiff-appellant.
 George F. Riess, New Orleans, La., for defendant-appellee.
 Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit judges.
 AINSWORTH, Circuit Judge:
 
 
 1
 Plaintiff, Ralph H. Smith, brought this negligence action under the general maritime law against defendant Chevron Oil Company. The trial court granted defendant's motion for summary judgment, and Smith has appealed.
 
 
 2
 Plaintiff worked on a 'workover rig' (used in overhauling offshore oil drilling platforms), owned and operated by Dresser Offshore Services. The rig was mounted on a Chevron Oil platform situated off the Louisiana coast in the Gulf of Mexico, pursuant to a contract under which Dresser was to overhaul Chevron's platform. Plaintiff blacked out and fell down a flight of stairs on Dresser's workover rig, injuring himself, after having operated a crane mounted on the rig for thirty-six hours straight. Dresser, his employer, was not also made a defendant because the Outer Continental Shelf Lands Act, 43 U.S.C. 1333 (1964), provides a form of workmen's compensation as plaintiff's exclusive remedy against Dresser.
 
 
 3
 Plaintiff alleged that the contract between Dresser and Chevron constituted negligence on the part of Chevron by its very drafting, because it did not provide for a sufficient number of crane operators on the job. The lack of sufficient crane operators, he contends, forced him to work unrelieved for thirty-six consecutive hours. The exhaustion he suffered as a result of this prolonged workshift allegedly caused the blackout, which directly led to the fall and plaintiff's injury. Defendant Chevron successfully moved for summary judgment on grounds that the contract itself provided no basis for a finding of negligence, and further that it had no responsibility to plaintiff, who was under the exclusive control and supervision of Dresser while working on the workover rig.
 
 
 4
 The contract provided that Dresser was to supply one crane operator, who was to work from 6 a.m. to 6 p.m. There is no indication that the agreement contemplated marathon workshifts. Liability on the part of Chevron on any other basis was precluded, because plaintiff admitted that the workover rig was under Dresser's exclusive control and further that he performed the long stretch of work at the direction of Dresser's foreman.
 
 
 5
 Plaintiff also contends that defendant did not fully comply with his request for documents that might describe his position as a crane operator and substantiate his claim that his duties were unrealistically demanding. Defendant's counsel did respond to plaintiff's original discovery efforts, however, supplying several documents describing the relationship between Dresser and Chevron, including the contract mentioned above, and stating that he had no other relevant documents in his possession. Plaintiff's requests for documents were very general, asking.
 
 
 6
 that the defendant produce copies of any and all agreements, and/or other documentation, written and oral, pertaining to Dresser Offshore Services, Inc., being allowed only one crane operator while working aboard Dresser Offshore Services Rig #52 mounted on Chevron Oil Company's platform located at Block No. 30W/D-- Lease No. S/L.
 
 
 7
 On the basis of defendant's response to this request, the court below denied a motion by plaintiff for further production of documents and for penalties and sanctions for failure to produce. There is no indication that the trial court was wrong in concluding that defendant complied fully with the request for documents.
 
 
 8
 Plaintiff must be remitted to his statutory remedy under the Longshoremen's and Harbor Workers' Act, 33 U.S.C. 901 et seq. (1970), and the judgment below must be affirmed. In this case, no 'genuine (not illusory), material (not immaterial or irrelevant), controverted (not uncontested) issues of fact remain to be resolved.' DeBardeleben v. Cummings, 5 Cir., 1972, 453 F.2d 320, 324.
 
 
 9
 Affirmed.